Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2023LA000380
Filed Date: 5/31/2023 4:45 PM
Envelope: 22951226
Clerk: SDS

IN THE CIRCUIT COURT OF THE TWELFTH JUDICAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| DWAYNE KILLIAN,<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>SERGEANT EDWARD GRIZZLE, and<br>DEPUTY CHIEF ROBERT BROWN,<br>SERGEANT RAUL ALVAREZ,<br>OFFICER RYAN SHAW, and<br>CHIEF WILLIAM EVANS,<br><br>　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　　2023LA000380<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

Plaintiff, DWAYNE KILLIAN, by his attorney, John V. Schrock and for his

Complaint at Law, states as follows:

## STATEMENT OF FACTS

1. At all times relevant, Plaintiff is a resident of Minooka and owned the property located at 11273 Arbeiter Road Minooka, Illinois. (Hereinafter "Arbeiter Road").

2. That the property has a barn that is large enough to securely store large vehicles.

3. At all times relevant, Defendant SERGEANT EDWARD GRIZZLE was a Sergeant with the Joliet Police Department and was also the Director of the Tri-County Auto Theft Unit, (hereinafter "TCAT").

4. That TCAT is an auto theft unit that investigates stolen vehicles and returns the stolen vehicles to the owners.

5. That the TCAT maintains an office at 815 Campbell, Joliet, Will County, Illinois. The TCAT office does not have storage facilities for all of the vehicles recovered

**EXHIBIT
A**

Initial case management set for
09/19/2023　　at: 9:00　　a.m.
Room 905

By TCAT.

6. At all times relevant Defendant, DEPUTY CHIEF ROBERT BROWN was the Deputy Chief of Police for Operations for the City of Joliet. DEPUTY CHIEF ROBERT BROWN had supervisory control over SERGANT EDWARD GRIZZLE,

7. At all times relevant, SERGAENT RAUL ALVAREZ was a City of Joliet police officer.

8. At all times relevant, OFFICER RYAN SHAW was a City of Joliet police officer

9. At all times relevant, CHIEF WILLIAM EVANS was the Chief of Police of the City of Joliet and had supervisory control over SERGANT EDWARD GRIZZLE.

10. Plaintiff, since 2008, was the Deputy Director of the TCAT.

11. That from 2012, Plaintiff as the Deputy Director of TCAT was assigned the responsibility of the storage of the vehicles that the TCAT had recovered or were holding as evidence pending trial. Many of the vehicles recovered by TCAT had to be stored by TCAT at an offsite location.

12. That in approximately 2012, Plaintiff had secured space from a business that operated at the old steel mill at 109 East Ohio Street, Joliet Illinois for TCAT to store vehicles. Thereafter Plaintiff, as the Deputy Director of the TCAT began storing recovered vehicles and awarded property at the 109 East Ohio Street site.

13. In early 2021, Plaintiff was informed that by the owner of the business that operated the 109 East Ohio site that the old steel mill was going to be demolished and the vehicles stored there by TCAT would have to be relocated.

14. Thereafter, Plaintiff obtained permission to temporarily store vehicles and

property being held by TCAT at City of Joliet East Side Wastewater Treatment Plant building (Hereinafter "Wastewater Treatment Plant building").

15. In October of 2021, Plaintiff was advised that a forklift and other property being stored by TCAT in the Wastewater Treatment Plant building would have to be relocated.

16. In October of 2021, Plaintiff requested SERGEANT EDWARD GRIZZLE to obtain for TCAT an offsite location to store the vehicles and property being temporarily stored by TCAT at the Wastewater Treatment Plant building SERGEANT EDWARD GRIZZLE declined to obtain offsite storage for the TCAT vehicles and property and advised Plaintiff that storage was not in the budget.

17. Plaintiff then removed the TCAT property that could be stored outside and moved that TCAT property to the outside of the Wastewater Treatment Plant building.

18. At that point in time, October of 2021, TCAT had a forklift, compressor and trailer inside the Wastewater Treatment Plant building that required inside storage. At that time that TCAT had to remove the forklift, compressor, and trailer from the Wastewater Treatment Plant building, TCAT had no place to provide inside storage for the forklift, compressor or trailer.

19. Plaintiff, had the duty to provide for the storage of the TCAT forklift, compressor and trailer. TCAT had no place to provide inside storage of the forklift, compressor and trailer.

20. In October of 2021, Plaintiff moved the forklift, compressor, and trailer and stored them in the barn at his Arbeiter Road property. At the time that Plaintiff moved

the forklift, compressor, and trailer to his barn, he had a forklift at his Arbeiter Road property. Plaintiff had no use for the TCAT forklift, compressor or trailer.

21. SERGEANT EDWARD GRIZZLE had knowledge that Plaintiff would be storing the forklift in his barn at the 11273 Arbeiter Road property at no cost to TCAT.

22. That from October of 2021 until June of 2022, Plaintiff stored the forklift, compressor, and trailer in his barn his residence located at the 11273 Arbeiter Road property. Plaintiff did not in any way use the TCAT forklift, compressor, or trailer and did nothing but store them in his barn for TCAT.

23. On June 7, 2022, SERGEANT EDWARD GRIZZLE asked Plaintiff to return the forklift, compressor and trailer to the TCAT office. Plaintiff agreed.

24. On June 7, 2022, SERGEANT EDWARD GRIZZLE did not set a time, date or deadline for Plaintiff to return the forklift, compressor or trailer.

25. After June 7, 2022, Plaintiff took a planned vacation and attended a funeral for a friend who had passed away.

26. Plaintiff returned to the Tri County Auto Theft Unit from his planned vacation and his attendance of the funeral on June 14, 2022.

27. On June 14, 2022, SERGEANT EDWARD GRIZZLE made a report and charge that Plaintiff had committed theft of the forklift, compressor and trailer.

28. On June 14, 2022, SERGEANT EDWARD GRIZZLE arrested Plaintiff for theft or the forklift.

29. That SERGEANT EDWARD GRIZZLE did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

30. That DEPUTY CHIEF ROBERT BROWN approved that charge made by SERGEANT EDWARD GRIZZLE that Plaintiff had committed theft of the forklift, compressor and trailer.

32. That DEPUTY CHIEF ROBERT BROWN did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

33. That CHIEF WILLIAM EVANS approved the charge made by SERGEANT EDWARD GRIZZLE that Plaintiff had committed theft of the forklift, compressor and trailer.

34. That CHIEF WILLIAM EVANS did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

35. That on June 14, 2022, Plaintiff was arrested by SERGEANT RAUL ALVAREZ and OFFICER RYAN SHAW for the theft of the forklift, compressor and trailer.

36. That neither SERGEANT RAUL ALVAREZ nor OFFICER RYAN SHAW had probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

37. That as a direct result of the false report and charge made by SERGEANT EDWARD GRIZZLE on June 14, 2022, the approval of the false report by DEPUTY CHIEF ROBERT BROWN, the approval of the false report by CHIEF WILLIAM EVANS, and the false arrest of Plaintiff by SERGEANT RAUL ALVAREZ and OFFICER RYAN SHAW, Plaintiff was fired from his job as the Deputy Director of TCAT.

## COUNT I
## FALSE ARREST CLAIM
## AGAINST SERGEANT EDWARD GRIZZLE

1-37. Plaintiff adopts and incorporates paragraphs 1-28 of the Statement of Facts as though fully stated herein as paragraphs 1-28 of Count I.

38. The 4th Amendment the United States Constitution prohibits arrests that are not made with probable cause.

39. SERGEANT EDWARD GRIZZLE violated Plaintiff's 4th Amendment rights by preparing a report and charge that Plaintiff had committed theft of the forklift, compressor and trailer when SERGEANT EDWARD GRIZZLE did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

40. Plaintiff brings this action pursuant to 42 U.S.C Section 1983 for the violation of his 4th Amendment right to be free from arrest absent probable cause.

41. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff her reasonable attorney's fees.

42. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, DWAYNE KILLIAN prays for entry of Judgment in his favor and against Defendant, SERGEANT EDWARD GRIZZLE in a sum in excess of $50,000.00 plus reasonable attorney's fees and costs, and for an award of punitive damages.

## COUNT II
## FALSE ARREST CLAIM
## AGAINST DEPUTY CHIEF ROBERT BROWN

1-37. Plaintiff adopts and incorporates paragraphs 1-28 of the Statement of Facts

as though fully stated herein as paragraphs 1-28 of Count II.

38. The 4ᵗʰ Amendment the United States Constitution prohibits arrests that are not made with probable cause.

39. DEPUTY CHIEF ROBERT BROWN violated Plaintiff's 4ᵗʰ Amendment rights by approving the report and charge that Plaintiff had committed theft of the forklift, compressor and trailer when DEPUTY CHIEF ROBERT BROWN did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

40. Plaintiff brings this action pursuant to 42 U.S.C Section 1983 for the violation of his 4ᵗʰ Amendment right to be free from arrest absent probable cause.

41. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff her reasonable attorney's fees.

42. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, DWAYNE KILLIAN prays for entry of Judgment in his favor and against Defendant, DEPUTY CHIEF ROBERT BROWN in a sum in excess of $50,000.00 plus reasonable attorney's fees and costs, and for an award of punitive damages.

### COUNT III
### FALSE ARREST CLAIM
### AGAINST SERGEANT RAUL ALVEREZ

1-37. Plaintiff adopts and incorporates paragraphs 1-28 of the Statement of Facts as though fully stated herein as paragraphs 1-28 of Count III.

38. The 4ᵗʰ Amendment the United States Constitution prohibits arrests that are not made with probable cause.

39. SERGENT RAUL ALVEREZ violated Plaintiff's 4ᵗʰ Amendment rights

by arresting Plaintiff when he did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

40. Plaintiff brings this action pursuant to 42 U.S.C Section 1983 for the violation of his 4th Amendment right to be free from arrest absent probable cause.

41. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff her reasonable attorney's fees.

42. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, DWAYNE KILLIAN prays for entry of Judgment in his favor and against Defendant, SERGEANT PAUL ALVEREZ in a sum in excess of $50,000.00 plus reasonable attorney's fees and costs, and for an award of punitive damages.

## COUNT IV
## FALSE ARREST CLAIM AGAINST
## OFFICER RYAN SHAW

1-37. Plaintiff adopts and incorporates paragraphs 1-28 of the Statement of Facts as though fully stated herein as paragraphs 1-28 of Count IV.

38. The 4th Amendment the United States Constitution prohibits arrests that are not made with probable cause.

39. OFFICER RYAN SHAW violated Plaintiff's 4th Amendment rights by arresting Plaintiff when he did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

40. Plaintiff brings this action pursuant to 42 U.S.C Section 1983 for the violation of his 4th Amendment right to be free from arrest absent probable cause.

41. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff her reasonable attorney's fees.

42. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, DWAYNE KILLIAN prays for entry of Judgment in his favor and against Defendant, OFFICER RYAN SHAW in a sum in excess of $50,000.00 plus reasonable attorney's fees and costs, and for an award of punitive damages.

<u>**COUNT V**</u>
<u>**FALSE ARREST CLAIM AGAINST**</u>
<u>**CHIEF WILLIAM EVANS**</u>

1-37. Plaintiff adopts and incorporates paragraphs 1-37 of the Statement of Facts as though fully stated herein as paragraphs 1-37 of Count V.

38. The 4th Amendment the United States Constitution prohibits arrests that are not made with probable cause.

39. CHIEF WILLIAM EVANS violated Plaintiff's 4th Amendment rights by approving the report and charge that Plaintiff had committed theft of the forklift, compressor and trailer when CHIEF WILLIAM EVANS did not have probable cause to believe that Plaintiff had committed theft of the forklift, compressor and trailer.

40. Plaintiff brings this action pursuant to 42 U.S.C Section 1983 for the violation of his 4th Amendment right to be free from arrest absent probable cause.

41. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff her reasonable attorney's fees.

42. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, DWAYNE KILLIAN prays for entry of Judgment in his favor and against Defendant, CHIEF WILLIAM EVANS in a sum in excess of $50,000.00 plus reasonable attorney's fees and costs, and for an award of punitive damages.

John V. Schrock

By: _____

Attorney for Defendant

John V. Schrock 6201876
John Schrock Law
24047 West Lockport Street
Suite 201-M
Plainfield, IL 60544
815-246-3100
jvschrock@netscape.net

## AFFIDAVIT OF DAMAGES

The undersigned being first duly sworn upon oath, deposes and states that he is a party to the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action does exceed $50,000.00.

Affiant Sayeth Further Naught

DWAYNE KILLIAN

Subscribed and sworn to before me this
31st Day of May, 2023

NOTARY PUBLIC

OFFICIAL SEAL
GINA M SCHROCK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/30/2025

John V. Schrock-6201876
John Schrock Law
24047 West Lockport Street
Suite 201-M
Plainfield, IL. 60544
815-246-3100
jvschrock@netscape.net